UNITED STATES DISTRICT CIRCUIT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BARBARA WEINSTEIN, Individually, <br> JEFF WEINSTEIN, Individually and as the <br> spouse of Barbara Weinstein, and on behalf of <br> S.W., Individually and as the minor child of <br> Barbara Weinstein, <br><br> Petitioners, <br> v. <br><br> HOMESITE INSURANCE COMPANY <br> OF THE MIDWEST, <br><br> AND <br><br> JEFFERY ROBARDS, <br><br> Respondents. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * No.: 3:13-MC-25 <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**COMES NOW**, Homesite Insurance Company of the Midwest (hereinafter "HICOM" or Respondent) and submits its memorandum of law in support of its Motion to Dismiss:

## INTRODUCTION

This Petition is a continuation of Petitioner's attempt, in ignorance of Tennessee law, to pursue a direct action against HICOM to obtain insurance coverage for its unproven claims asserted against the Robards in a tort action pending in the Circuit Court of Knox County.[1] *Fed. R. Civ. P.* 60(b)(6), however, is not a means for the Petitioners to request the Court to overturn a dismissal in a case that they were not a party, do not have a strongly affected interest, and have

---

[1] *Barbara Weinstein, individually, Jeff Weinstein, individually as the spouse of Barbara Weinstein, and on behalf of S.W., individually and as the minor child of Barbara Weinstein v. Marcia Robards and Jeffery L. Robards* – In the Circuit Court of Knox County, Tennessee – Docket No. 1-298-13.

made no claims that the settlement and dismissal were fraudulently obtained. Simply put, the Petitioners have no standing to pursue this petition, therefore, it is due to be dismissed.

## FACTUAL BACKGROUND

The Weinsteins sued The Robards seeking personal injury damages from The Robards arising out of an altercation between The Robards and The Weinsteins.[2] At the Weinsteins' request, the Robards forwarded their Complaint to HICOM. HICOM denied coverage. (Docket No. 13-CV-515; Court File No. 1). Following the denial, HICOM initiated a declaratory judgment action styled *Homesite Insurance Company of the Midwest v. Jeffery Robards* and docketed in this Court at 1:13-CV-515. Soon thereafter the parties resolved their differences. The Robards entered into a Settlement Agreement and Release with HICOM and a Stipulation of Dismissal was entered. (Docket No. 1:13-CV-515; Court File No. 5).

On October 24, 2013, The Weinsteins filed a Motion to Intervene in the dismissed declaratory judgment action in an attempt to assert a direct action against HICOM to obtain coverage for the allegations brought against The Robards. (Docket No. 1:13-CV-515; Court File No. 6). HICOM filed a response in opposition arguing, in part, that The Weinsteins cannot intervene into a case that no longer exists to assert claims for which they lack legal standing to pursue. (Docket No. 1:13-CV-515; Court File No. 7). Petitioner's motion remains undecided.

Simultaneously, The Weinsteins filed this independent action against HICOM and Mr. Robards asking the Court to set aside the Stipulation of Dismissal in the declaratory judgment action so that the Weinsteins can pursue a direct action against HICOM. This is the exact same

---

[2] The Weinsteins claims against The Robards arise out of an altercation that occurred between Lewis Robards, Marcia Robards and Barbara Weinstein at the apartment of Maya Weinstein. The Weinsteins allege that Mrs. Robards choked Mrs. Weinstein and that Lewis Robards hit Mrs. Weinstein. The Weinsteins allege that Mr. Robards was negligent by not taking adequate measures to prevent his son from harming The Weinsteins. (Docket No. 13-CV-515, Court File No. 1).

relief the Weinsteins are seeking by motion in the dismissed declaratory judgment action. The Weinsteins have no legal or contractual authority to pursue this Petition.

## ARGUMENTS

### PETITIONERS LACK STANDING BECAUSE
### THEY WERE NOT A PARTY TO THE ORIGINAL ACTION

The plain language of Rule 60(b) limits its application to ***a party or its legal representative***, which The Weinsteins are neither. *Fed. R. Civ. P.* 60(b). "The general rule is that one must either be a party or a party's legal representative in order to have standing to bring a Rule 60(b) motion." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 939 (6th Cir. 2013)(quoting *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1519-20 (11th Cir. 1987)). Petitioners were not a party or legal representatives of either party to the Stipulation of Dismissal. They therefore lack standing under Rule 60(b) to file this petition and it should be dismissed.

### PETITIONERS LACK STANDING BECAUSE
### THEY DO NOT HAVE A STRONGLY AFFECTED INTEREST

Several courts have permitted a non-party to seek relief under Rule 60(b) where its interests were directly or strongly affected by the judgment. *See, Bridgeport* at 941. The Sixth Circuit has not adopted this exception. *Id.* However, even if this narrow exception is adopted in this case, it would not provide The Weinsteins with standing to pursue this Petition because they lack a "strongly affected" interest. The Weinsteins have a lawsuit pending against The Robards. The settlement and dismissal of the declaratory judgment action will not abrogate their rights in that lawsuit nor prevent them from adjudicating their claims against The Robards. In *Bridgeport*, the underlying action involved a copyright suit brought by a music company against defendant rapper for his similar samples of the copyright composition. *Id.* at 935. The music company obtained a default judgment against the defendant and the District Court declared the music

company 100% owners of the music that infringed on the copyright. *Id*. After the default judgment was recorded, the petitioning non-party filed for relief under Rule 60(b)(4), (5) and (6) claiming that she was in fact the owner of the original copyright that the music company had pursued the action on behalf. *Id*. The trial Court denied the petitioners motion on the grounds that she lacked standing because she had not shown that she was "strongly affected" by the judgment. *Id*. at 936. The Court found that because the Petitioner was not prevented from litigating her claims and presented no evidence of fraud, she lacked standing as a nonparty to file the Rule 60(b) motion. *Id*.

The Weinsteins' speculative claim that they will be discouraged from prosecution of the tort lawsuit is insufficient to meet the narrow exception for a nonparty to show a "strongly affected interest." In *Flagstar Bank, FSB v. Southern*, the Court in applying the *Bridgeport* decision found that nonparties' speculative and indirect reasons for wanting a judgment overturned were insufficient because they did not establish that they had been or were prevented from "litigating any claims." 2013 U.S. Dist. LEXIS 150558 at 12-13 (E.D. Mich. 2013). The Weinsteins do not claim that they will be prevented from litigating their claims against The Robards, only that they will be "discouraged" from doing so due to a lack of insurance coverage. This is not sufficient to meet the narrow exception of showing a "strongly affected" interest because they are free to pursue the litigation in their case.[3] The declaratory judgment action and settlement of the same in no way prevents The Weinsteins from litigating their claims against The Robards.

---

[3] Defendants are prohibited from discovering the existence of insurance through discovery in a lawsuit. *See, Thomas v. Oldfield*, 279 S.W.3d 259 (Tenn. 2009). Therefore, the existence or absence of insurance would not be a factor in determining whether a case should be prosecuted or not. That decision rests exclusively on the merits of the case.

## PETITIONERS LACK STANDING BECAUSE
## JUDGMENT NOT TAINTED WITH FRAUD

The only exception the Sixth Circuit has allowed to the general rule that a nonparty does not have standing to file a Rule 60(b) petition is by a showing that the order has been fraudulently obtained. *See, Southeland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980)(the court approved a settlement where the prevailing party's counsel assured the court he would satisfy a nonparty's lien, he did not and the nonparty was allowed to Petition under a Rule 60(b) motion to set aside the judgment approving the settlement). In the present case, Petitioners make no allegations of fraud. (Court File No. 1); *See also, Fed. R. Civ. Pro.* 9 (allegations of fraud must be stated with particularity). To the contrary, petitioners assert that the Court should grant it relief under Fed. R. Civ. P. 60(b)(6), for "any other reason that justifies relief." Without a specifically pled allegation of fraud in the entry of the stipulation, the Weinsteins do not have standing to bring this Petition.

## PETITIONERS NOT AN INTERESTED PARTY
## FOR DECLARATORY JUDGMENT ACTION

The Petition filed by The Weinsteins is not the proper relief if it is true that they should have been added as a party to the declaratory judgment action. "The non-joinder of necessary parties is fatal on the question of justiciability." *Huntsville Utility Dist. of Scott Co. v. General Trust Co.*, 839 S.W.2d 397 (Tenn. Ct. App. 1992)(citing *Wright v. Nashville Gas & Heating Co. R.*, 194 S.W.2d 459, 461 (Tenn. 1946)). If the declaratory judgment action failed to include a necessary party, then the action should have been dismissed. The declaratory judgment action has already been dismissed, thus leaving the issue of joinder of parties in that action moot.

5

Case 3:13-mc-00025-TAV-CCS   Document 3   Filed 11/15/13   Page 5 of 7   PageID #: 12

## CONCLUSION

The Weinsteins Petition should be dismissed. This Petition is nothing more than an attempt to use a settled and dismissed declaratory judgment action to pursue a direct action against HICOM which is clearly prohibited by Tennessee law. The Petitioners are not parties to the contract nor have they obtained an assignment of the Robards' contractual rights which are settled and released. The Petitioners have no standing under Rule 60(b). The Petition should be dismissed in its entirety.

Respectfully submitted,

**CARR ALLISON**

BY: _____/s/ Sean W. Martin _____
**SEAN W. MARTIN, BPR #020870**
Attorney for Defendant
651 E. 4th Street, Suite 100
Chattanooga, TN 37403
(423) 648-9832 / (205) 822-2057 FAX
swmartin@carrallison.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2013, I electronically filed a **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Broderick L. Young, Esq.
> Paul E. Wehmeier, Esq.
> Arnett, Draper & Hagood
> 2300 First Tennessee Plaza
> PO Box 300
> Knoxville, TN 37901-0300

I, the undersigned attorney, do also hereby certify that the foregoing document has been delivered to all parties in this cause not using the CM/ECF system by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such party as follows:

> Mr. and Mrs. Jeffrey Robards
> 8236 Landmark Dr.
> Knoxville, TN 37923

          **CARR ALLISON**

          BY: _____/s/ Sean W. Martin _____
          **SEAN W. MARTIN, BPR# 020870**
          Attorneys for Plaintiff
          651 E. 4th Street, Suite 100
          Chattanooga, TN 37403
          (423) 648-9832 / (205) 822-2057 FAX
          swmartin@carrallison.com