# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

BARBARA WEINSTEIN, individually, )
JEFF WEINSTEIN, individually, and )
as the spouse of Barbara Weinstein, and )
on behalf of S.W., individually, and as )
the minor child of Barbara Weinstein, )
                                     )
          Petitioners, )
                                     )
v. )      No.:   3:13-MC-25-TAV-CCS
                                       )
HOMESITE INSURANCE COMPANY )
OF THE MIDWEST, and )
JEFFERY ROBARDS, )
                                       )
          Respondents. )

## MEMORANDUM OPINION

This miscellaneous action is before the Court on petitioners' Petition and Motion for Relief in Equity from a Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 1] and the Motion to Dismiss filed by respondent Homesite Insurance Company of the Midwest ("Homesite") [Doc. 2].  Petitioners filed a response in opposition to this motion [Doc. 5], and Homesite replied [Doc. 7].  Petitioners filed a sur-reply [Doc. 10], and Homesite filed a supplemental brief in opposition to petitioners' sur-reply [Doc. 11]. For the reasons set forth below, the Court will deny petitioners' petition and motion for relief and deny as moot Homesite's motion to dismiss.

# I. Background

Petitioners are the plaintiffs in case number 1-298-13 in the Circuit Court for Knox County, Tennessee (the "Knox County Lawsuit"), and Marcia L. Robards and Jeffery L. Robards are the defendants in that action [Doc. 1 pp. 1–2]. Homesite is an insurer of Jeffery Robards ("Robards") and filed a declaratory judgment action in this Court on August 27, 2013, in case number 3:13-CV-515 [*Id.* at 1]. In this declaratory judgment action, Homesite requested that the Court declare that Homesite "has no duty to defend or indemnify . . . Jeffery Robards for any injury allegation or claim" in the Knox County Lawsuit [*Id.* at 2]. Before Robards filed an answer or responded to the complaint, Homesite and Robards filed a stipulation of dismissal with prejudice as to Homesite's declaratory judgment action [*Id.*].[1]

The stipulation states that the matters in controversy between Homesite and Robards were resolved for valuable consideration [*Id.* at 2–3]. But petitioners submit that the stipulation of dismissal is an attempt to circumvent their rights in the Knox County Lawsuit [*Id.*]. They argue that Homesite settled the action with Robards for less than its potential indemnification obligation in the Knox County Lawsuit, largely because Robards is proceeding pro se and is judgment proof, and thus shielded itself from any indemnification obligations [Doc. 6 pp. 3, 5–6]. Petitioners believe this settlement and the fact that Robards is judgment proof leaves them unable to obtain satisfaction of any

---

[1] Because Jeffery Robards had yet to file an answer or motion for summary judgment when the stipulation of dismissal was entered, this stipulation constituted a voluntary dismissal for which court approval was unnecessary. Fed. R. Civ. P. 41(a)(1)(A)(ii).

judgment against Robards in the Knox County Lawsuit [Doc. 1 p. 3]. Accordingly, petitioners ask that the Court set aside the Stipulation of Dismissal entered on October 15, 2013, in case number 3:13-CV-515 pursuant to Federal Rule of Civil Procedure 60(b)(6) [Doc. 1 p. 2].

Homesite contends that petitioners lack standing to bring a Rule 60(b) motion because they were not a party to the action between Homesite and Jeffery Robards and do not fit within any of the exceptions conferring such standing upon nonparties [Doc. 3 pp. 3–5]. Petitioners counter that they do in fact have standing to pursue the sought relief and note that they simultaneously filed a motion to intervene in the action between Homesite and Robards [Doc. 6 pp. 2–7]. Homesite also submits that petitioners' response to its motion to dismiss was not timely filed [Doc. 7 p. 2 n.1], but the Court finds that petitioners filed their response within the twenty-four days permitted under the circumstances by Federal Rule of Civil Procedure 6(d).[2]

## II.  Standard of Review

"A voluntary dismissal with prejudice operates as a final adjudication on the merits," and "[i]n such a case, the plaintiff's stipulation is the legally operative act of dismissal and there is nothing left for the court to do." *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 541–42 (6th Cir. 2001); *see also Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1189 (8th Cir. 1984) ("Caselaw concerning stipulated

---

[2] Petitioners were served with Homesite's motion to dismiss in accordance with Federal Rule of Civil Procedure 5(b)(2)(E), and therefore Rule 6(d) allowed three days in addition to the twenty-one days permitted by Local Rule 7.1(a).

dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.").[3]  In fact, a Rule 41(a)(1)(A)(ii) stipulation of dismissal "terminate[s] the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b) of the Federal Rules of Civil Procedure." *Hinsdale v. Farmers Nat. Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir. 1987) (citations and internal quotation marks omitted).

To this end, "Rule 60(b) of the Federal Rules of Civil Procedure is a litigant's exclusive avenue when seeking relief from a judgment or order." *Computer Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 334 (6th Cir. 2006).  Seeking relief pursuant to Rule 60(b) through an independent action, as opposed to a motion, is permitted, but "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244 (1944)).  Put differently, "an independent action should be available only to prevent a grave miscarriage of justice," which is a "demanding standard." *Id.* at 47.

Federal Rule of Civil Procedure 60(b)(6) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

---

[3] Rule 41(a)(1)(ii) was the predecessor to current Rule 41(a)(1)(A)(ii).

4

proceeding for . . . (6) any other reason that justifies relief." The Sixth Circuit has cautioned that "relief under Rule 60(b)(6) should be granted only in unusual and extreme situations where principles of equity *mandate* relief," *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citations and internal quotation marks omitted), and that "60(b)(6) is to be used only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (citations and internal quotation marks omitted). This is because "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citations and internal quotation marks omitted).

## III. Analysis

### A. Nonparties Seeking Relief Under Rule 60(b)

By its terms, "a party or its legal representative" is entitled to seek relief under Federal Rule of Civil Procedure 60(b). Petitioners are neither parties to case number 3:13-CV-515 nor the legal representatives of parties to that action. Therefore, petitioners do not qualify for relief under the plain language of Rule 60(b). *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013).

Even so, a nonparty in privity with a party may move for Rule 60(b) relief. *Id.* Yet, petitioners do not contend that they are in privity with Homesite or Robards.

The Sixth Circuit has also held that "a claim of fraud on the court may be raised by a non-party." *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir. 1980). Fraud on the court consists of "conduct: (1) On the part of an officer of the court; . . . (2) That is directed to the "judicial machinery" itself; . . . (3) That is intentionally false, wil[l]fully blind to the truth, or is in reckless disregard for the truth; . . . (4) That is a positive averment or is concealment when one is under a duty to disclose; . . . (5) That deceives the court." *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001). Petitioners "have the burden of proving existence of fraud on the court by clear and convincing evidence." *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010).

In their petition for relief, petitioners allege that Homesite and Robards "appear to have colluded for the purpose of either denying [petitioners] access to funds which may be used to satisfy a potential judgment against Jeffery Robards or any other insured, or to discourage the prosecution of the underlying tort lawsuit filed by [petitioners]" [Doc. 1 p. 3]. This conclusory allegation is insufficient to demonstrate fraud on the court by clear and convincing evidence. Though petitioners speculate that Homesite and Robards colluded in order to defraud them, they present no specific evidence of such collusion or any untruthful, fraudulent, or deceptive conduct on the part of Homesite or Robards.

A nonparty may also seek Rule 60(b) relief where "its interests were directly or strongly affected by the judgment." *Bridgeport Music, Inc.*, 714 F.3d at 940 (citing *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 188–89 (2d Cir. 2006); *Binker v. Pennsylvania*, 977 F.2d 738, 745 (3d Cir. 1992); *Dunlop v. Pan Am. World Airways, Inc.*,

672 F.2d 1044, 1051–52 (2d Cir. 1982); *In re Lawrence,* 293 F.3d 615, 627 n. 11 (2d Cir. 2002)). In *Dunlop,* the "[Rule 60(b)] movants were precluded from bringing an age discrimination action because of a prior judgment to which they were not a party." *Grace,* 443 F.3d at 188. The Second Circuit stated that "on the facts of this case," the movants had standing to bring a Rule 60(b)(6) motion. *Dunlop,* 672 F.2d at 1052. In *Grace,* the Second Circuit, carefully limiting its decision to the facts before it, held:

> where plaintiffs enter into a settlement agreement with a judgment-proof, *pro se* defendant with the intent at the time of the settlement to collect from a third party that allegedly received fraudulent conveyances, and further, they attempt to use the judgment as a predicate for a fraudulent conveyance action against the third party, the third party is 'strongly affected' by the judgment and entitled to standing to bring a Rule 60(b) motion.

*Grace,* 443 F.3d at 188 (quoting *Lawrence,* 293 F.3d at 627 n. 11).

In *Bridgeport Music, Inc.,* the Sixth Circuit acknowledged these other-circuit precedents in a case where a nonparty to a copyright lawsuit had requested that the district court set aside a default judgment pursuant to Rule 60(b), alleging that she, not the plaintiffs, legally owned the copyright at the time the lawsuit was commenced. 714 F.3d at 935. Referring to the "directly or strongly affected interest" exception, the Sixth Circuit stated: "Even if we adopted such an exception, [the nonparty's] motion would clearly fail," given that she "has not established that her renewal copyright interest is 'strongly affected' because she has not shown that she was prevented from litigating any claims due to a previous judgment to which she was not a party." *Id.* at 941.

In the present matter, petitioners contend that they will be discouraged from litigating the Knox County Lawsuit because of concerns that the settlement of the dispute between Homesite and Robards "may preclude the Weinsteins from obtaining satisfaction if a judgment is entered in their favor [in the Knox County Lawsuit]" [Doc. 1 p. 3]. This reasoning is "indirect and speculative." *Flagstar Bank, FSB v. S. Star Capital, LLC*, No. 13-10290, 2013 WL 5719176, at *5 (E.D. Mich. Oct. 21, 2013). Moreover, given the Sixth Circuit's current position on the "directly or strongly held interest" exception—the court has not adopted the exception and in supposing it did so, has construed the exception as providing Rule 60(b) standing to those who are prevented from litigating a claim because of a prior judgment to which they were not a party—petitioners have not demonstrated that they are entitled to Rule 60(b) standing. Petitioners are not prevented in any way from litigating the Knox County Lawsuit against Robards and instead merely speculate that if they prevail in that action, satisfaction of their judgment may be difficult because they allege that Robards is judgment proof. Accordingly, even if the Sixth Circuit were to adopt the "directly or strongly held interest" exception, petitioners have not made a sufficient showing that they have Rule 60(b) standing under its auspices.

**B.      Rule 60(b)(6) Relief Generally**

Even assuming petitioners have standing to seek Rule 60(b)(6) relief, they have not made a sufficient showing that they are entitled to such relief. As previously stated, independent actions under Rule 60(b) "are available only to prevent a grave miscarriage of justice," *Beggerly*, 524 U.S. at 47, and more specifically, "[Rule] 60(b)(6) is to be used

8

only in exceptional or extraordinary circumstances," *Fuller*, 916 F.2d at 360.   Here, petitioners allege that Homesite and Robards "appear to have colluded" to deny petitioners access to funds in the event petitioners prevail in their state court action or to discourage the prosecution of that action [Doc. 1 p. 3].  Yet, petitioners do not provide specific evidence bolstering this allegation except that Robards is proceeding pro se and is allegedly judgment proof.  On this record, the Court cannot say that petitioners have set forth the sort of extraordinary circumstances warranting the invocation of Rule 60(b)(6) relief to prevent a grave miscarriage of justice.  Therefore, even if the petitioners had standing to bring this action, they would not be entitled to relief.

Finally, petitioners argue that "[i]f [Homesite's] motion to dismiss is granted, insurance companies will . . . have new incentive to improperly file declaratory judgment actions against their insured[s] in an effort to settle the action[s] and obtain a release for significantly less than the insurance company might be obligated to indemnify its insured[s] for, if the insured[s] were to lose in an underlying tort action" [Doc. 6 p. 5]. Yet, countervailing policy considerations exist, as well.  To this end, "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co.*, 249 F.3d at 524 (citations and internal quotation marks omitted).  "This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (citations and internal quotation marks omitted).  Petitioners have failed to make such a showing, assuming that they have

Rule 60(b) standing, and thus the Court finds that they have not overcome the policy in favor of the finality of judgments and termination of litigation.

## IV. Conclusion

Accordingly, the Court will **DENY** petitioners' Petition and Motion for Relief in Equity from a Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Doc. 1] and therefore **DENY as moot** the Motion to Dismiss filed by Homesite [Doc. 2].

ORDER ACCORDINGLY.


s/ Thomas A. Varlan_____
CHIEF UNITED STATES DISTRICT JUDGE